**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JUDY TAYLOR, )
 )
      Plaintiff, )
 )
vs. ) Case No. 15-CV-212-TLW
 )
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
 )
      Defendant. )

## OPINION AND ORDER

Plaintiff Judy Taylor seeks judicial review of a decision by the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act ("SSA") for a period beginning July 15, 2009. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 10). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## ISSUES

On appeal, plaintiff contends that the ALJ erred in three ways: (1) by failing to include all work-related limitations in the RFC; (2) by failing to properly address non-severe impairments; and (3) by failing to perform a function-by-function assessment. (Dkt. 16).

## STANDARD OF REVIEW

When reviewing a decision by the Commissioner, this Court is limited to determining whether the Administrative Law Judge ("ALJ") has applied the correct legal standards and whether substantial evidence supports the decision. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. Id.

Substantial evidence is such that a reasonable mind might accept it as adequate to support the Commissioner's conclusion. Id. The Court is to "meticulously examine the record as a whole, including anything that might undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. This Court may not re-weigh the evidence, and it cannot substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands as long as it is supported by substantial evidence. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## ANALYSIS

### Limitations in the RFC

Plaintiff first makes a blanket assertion that "the ALJ never undertook any analysis of what proper and actual 'limitations' the severe impairments might impose upon RFC . . . ." (Dkt. 15 at 3). She goes on to allege that the ALJ "fail[ed] to include any limitation whatsoever in his RFC . . . ." Id. The record does not support plaintiff's allegations. The ALJ imposed limitations in the RFC on lifting, carrying, climbing, and exposure to hazardous conditions. (R. 16). Further, plaintiff's RFC includes a limitation "to doing unskilled or at most semi-skilled work." Id.

Plaintiff next alleges that her severe seizure impairment was not properly addressed. First, she argues the ALJ considered only seizure precautions, rather than accommodations during a seizure. (Dkt. 15 at 4). The Commissioner responds that the ALJ "cannot be faulted for failing to accommodate limitations that were merely speculative, especially where the record largely showed that Plaintiff had infrequent seizures when she was medication compliant." (Dkt. 18 at 9). The Tenth Circuit has held that seizure-based impairments are properly discounted when, as in this case, noncompliance with prescribed drug treatment is demonstrated through

sub-therapeutic blood levels in the record. (R. 17-18); Powell v. Barnhart, 69 F. App'x 405, 408 (10th Cir. 2003)[1] (citing Diaz v. Sec'y of Health & Human Servs., 989 F.2d 774, 777 (10th Cir. 1990)).

Next, plaintiff argues that the ALJ cherry-picked the record by failing to specifically address one instance where she suffered seizures while medication compliant. (Dkt. 15 at 5). However, the ALJ considered the disputed evidence: he wrote that "[the] evidence shows that in many instances when the claimant experiences a seizure[,] her anti-seizure medication is not at a therapeutic level. (R. 18, emphasis added). The Court finds no error in the ALJ's assessment of plaintiff's seizure disorder.[2]

Plaintiff additionally argues that the ALJ "confused mental work-related limitations with skill level when he expressed it as the ability to perform simple work (unskilled or semi-skilled)." (Dkt. 15 at 6). Relying on a 2012 Tenth Circuit case, plaintiff argues that "a limitation of skill level (to simple work) just accounts for issues of skill transfer, not impairment of mental functions . . . ." Id. at 8 (citing Groberg v. Astrue, 505 F. App'x 763, 770 (10th Cir. 2012)). However, the Commissioner correctly argues that more recent Tenth Circuit precedent has held moderate mental function impairments[3] were sufficiently addressed by a limitation to unskilled

---

[1] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

[2] This discounting of plaintiff's seizure disorder due to medication noncompliance extends to plaintiff's claim that the ALJ indicated the possibility of plaintiff meeting a Listing, received further evidence after the hearing that could meet a Listing, and then ignored that additional evidence. (Dkt. 15 at 4-5); (R. 53-55, 605). Neither the ALJ nor plaintiff identifies any particular Listing, the ALJ's comments appear purely speculative, and further evidence of seizures does not overcome plaintiff's medication noncompliance.

[3] Specifically, the plaintiff in Vigil and the plaintiff in this case both had moderate concentration, persistence, and pace problems. (R. 15); Vigil v. Colvin, 805 F.3d 1199, 1204 (10th Cir. 2015).

work. (Dkt. 18 at 10); Vigil, 805 F.3d at 1204. The Court finds this adequate to support the Commissioner's conclusion.

**Non-severe impairments**

Plaintiff next alleges that a number of non-severe impairments, such as headaches, disc fusion at C5-C6, and degenerative disc disease, were not included in the RFC. (Dkt. 15 at 9). Plaintiff's argument fails on two grounds. First, she fails to properly develop her argument. Second, the ALJ identified six severe impairments at step three, including headaches, fusion at C5-C6, and degenerative disc disease. (R. 14).

**Function by function analysis**

Finally, plaintiff argues that the ALJ erred in the function-by-function analysis required by SSR 96-8p. She argues, "[w]hile the ALJ generically discussed evidence in connection with his RFC, it is unclear what particular evidence and medical findings he relied on to support each of his findings in the RFC." (Dkt. 15 at 10). However, while the Ruling requires an RFC assessment of a claimant's "work-related abilities on a function-by-function basis," such assessment need only include a narrative discussion and does not require an itemization of each function. SSR 96-8p, 1996 WL 374184, at *7. The ALJ provided a narrative discussion of the evidence, plaintiff's daily living and functioning, and the medical opinions in the record. (R. 15-20). When, as here, the Court can follow the ALJ's reasoning, "merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection." Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012).

## **CONCLUSION**

For these reasons, the ALJ's decision finding plaintiff not disabled is **AFFIRMED**.

SO ORDERED this 29th day of September, 2016.

_____
T. Lane Wilson
United States Magistrate Judge

5